# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on May 2, 2013


# JOHN McLAUGHLIN v. JOHN L. TWEEDALL, ET AL.


**Appeal from the Circuit Court for Campbell County**
**No. 14418     John D. McAfee, Judge**

_____

**No. E2012-02744-COA-R3-CV-FILED-MAY 2, 2013**

_____


The final judgment from which the appellant seeks to appeal was entered on December 3, 2012. The only Notice of Appeal "filed" by the appellant on December 28, 2012, was submitted to the trial court clerk via facsimile transmission in violation of Rule 5A.02(4)(e) of the Rules of Civil Procedure. Because the Notice of Appeal was insufficient to invoke the jurisdiction of this Court, this appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed


THOMAS R. FRIERSON, II, J., CHARLES D. SUSANO, JR., P.J., AND D. MICHAEL SWINEY, J.

Arthur F. Knight, III, Knoxville, Tennessee, for the appellant, John McLaughlin.

J. Stephen Hurst, LaFollette, Tennessee, for the appellees, Gary A. Bruewer and Lori Bruewer.

Gary S. Dawson, Knoxville, Tennessee, for the appellees, John L. Tweedall and Leigh Tweedall.

## MEMORANDUM OPINION[1]

By order entered on April 12, 2013, this Court directed the appellant to show cause why this appeal should not be dismissed because the Notice of Appeal filed by facsimile transmission was insufficient to invoke this Court's jurisdiction. Rule 5A.02(4)(e) of the Rules of Civil Procedure explicitly states that "[t]he following documents shall not be filed in the trial court by facsimile transmission: . . . [a] notice of appeal."

In response to this Court's show cause order, counsel for the appellant does not dispute that the only notice of appeal in this case was the one submitted to the trial court clerk by facsimile transmission on December 28, 2012. Instead, counsel asks this Court to "find cause" for allowing this appeal to go forward despite the error in the submission of the Notice of Appeal. Counsel asserts that the appellees have filed no motion to dismiss based upon the defect in the filing of the Notice of Appeal and "no party has suffered any prejudice by the facsimile filing." However, given the express language of Rule 5A.02(4)(e), we cannot conclude that a Notice of Appeal was ever actually "filed" with the trial court clerk. As such, our jurisdiction to consider this appeal was never timely invoked pursuant to Rule 4(a) of the Rules of Appellate Procedure. See Davis v. Jackson Tenn. Hosp. Co., LLC, No. W2009-02537-COA-R3-CV, 2010 WL 2812625, at * 3-4 (Tenn. Ct. App., July 16, 2010).

Accordingly, this appeal is dismissed. Costs on appeal are taxed to the appellant, John McLaughlin, for which execution may issue if necessary.

**PER CURIAM**

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.